## Sam WEEMS and Doyle OWEN *v.*
## John ANDERSON, Special Judge of 17th Judicial
## Circuit, Prairie County, Arkansas

CR 74-114 516 S.W. 2d 895

### Opinion delivered December 9, 1974
[Rehearing denied January 20, 1975.]

*Reinberger, Eilbot, Smith & Staten,* for petitioners.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for respondent.

LeRoy Autrey, Special Justice. On August 20, 1973, Sammy A. Weems, the prosecuting attorney for the 17th Judicial District, reported to Circuit Judge W. M. Lee of that District that the investigation of an alleged crime of arson in the burning of the home of Doyle Owen in Prairie County had implicated the prosecuting attorney and requested that the Court convene a grand jury to investigate the matter. This report by Weems was made just before the commencement of a hearing before the Circuit Court at the conclusion of which Weems was disbarred but allowed to continue in the office of prosecuting attorney.

On December 20, 1973, the Court appointed William F. Sherman, a lawyer residing in Pulaski County, as special prosecutor to conduct an investigation of the alleged arson with authorization to issue subpoenas, to appear before grand juries, to prosecute any persons indicted, and to serve with the full powers of a prosecuting attorney in the State of Arkansas. On motion submitted by Special Prosecutor Sherman and over the objection of Prosecuting Attorney Weems, the Circuit Court on March 6, 1974, ordered that Thomas Woolsey be required to give testimony pertaining to the alleged arson of the Owen home on the condition that no testimony or other information compelled under the order

could be used against Woolsey in any criminal case pursuant to the provisions of Act 561 of 1973.

A special grand jury was empaneled by Circuit Judge Lee on March 13, 1973, and charged with the investigation of the alleged arson of the Owen home. Special Prosecutor Sherman appeared before the special grand jury and presented evidence including the testimony of Woolsey. The grand jury on March 15, 1974, issued an indictment charging Prosecuting Attorney Weems and Owen with arson and a second indictment charging Weems, Owen and Woolsey with conspiracy.

Weems first objected to the appointment of Sherman as special prosecutor on January 29, 1974, and Circuit Judge Lee on February 11, 1974, overruled the objection, basing the Court's authority to appoint a special prosecutor under the circumstances of the case presented on three concepts, namely: "(1) by inference under Statute 24-108, (2) by agreement or consent of the elected prosecutor, (3) by inherent authority of his office . . . ."

After the indictments issued by the grand jury, Circuit Judge Lee on his own motion disqualified himself in this matter, and Judge John L. Anderson was assigned by this Court as a special judge for the trial of these cases. Thereafter, Weems and Owen filed formal motions and objections to the appointment of Sherman as special prosecuting attorney and these motions were overruled. This petition for writ of prohibition followed.

In support of the petition for a writ of prohibition, Weems and Owen make the following contentions:

(1) The circuit court does not possess any inherent authority to appoint a special prosecuting attorney to serve in place of a prosecuting attorney, a constitutional officer of the State.

(2) Section 24-108, *Arkansas Statutes*, enacted in 1838, does not provide for the appointment of a special prosecuting attorney until there has been an indictment of the prosecuting attorney.

379

(3) Section 24-108, *Arkansas Statutes,* is unconstitutional because (a) the special prosecuting attorney is to be paid only if he obtains a conviction, (b) this statute violates the doctrine of separation of powers, and (c) a constitutional officer can only be removed by impeachment or joint address as provided for in Article XV of the Arkansas Constitution.

(4) Weems did not agree to the appointment of Sherman as special prosecuting attorney and, furthermore, could not contractually convey his office to another person.

(5) Section 24-117, *Arkansas Statutes,* providing that the court can appoint an attorney at law to prosecute for the State when the regular prosecuting attorney has neglected or failed for any reason to attend to the courts of the circuit, is wholly inapplicable to this situation.

(6) Even if the circuit court has authority to appoint a special prosecuting attorney, such attorney must be a resident of the district and Sherman is not a resident of the 17th Judicial District.

(7) A special prosecuting attorney cannot utilize the provisions of Act 561 of 1973 to grant immunity to a witness since this authority is granted only to the prosecuting attorney.

(8) Even if the Court has authority to appoint a special prosecuting attorney to handle the case against Prosecuting Attorney Weems, there is no authority for the appointment of a special prosecuting attorney to prosecute Owen, a private citizen.

Article 7 of the Arkansas Constitution entitled "Judicial Department" provides in Section 24 for the election of a prosecuting attorney for each judicial circuit. This Court held in *Smith v. Page,* 192 Ark. 342, 91 SW2d 281 (1936), that a prosecuting attorney is a constitutional state officer acting in a quasi judicial capacity. There is no constitutional, statutory or case law authority supporting the Petitioners' claim that

the prosecuting attorney is a member of the Executive Department of the State. In fact, Article 6, Section 1, of the Constitution as amended by Amendment 37, Section 1, specifically provides that the officers of the Executive Department are Governor, Lieutenant Governor, Secretary of State, Treasurer, Auditor, Attorney General and Commissioner of State Lands.

Article 15, Section 1, of the Arkansas Constitution provides that all State officers, judges and prosecuting attorneys shall be liable to impeachment and removal from office for high crimes and misdemeanors and gross misconduct in office, and that "an impeachment whether successful or not, shall be no bar to an indictment". In *Speer* v. *Wood,* 128 Ark. 183, 193 SW 785 (1917), this Court held that a prosecuting attorney who had been indicted could not, under the State Constitution, be suspended or removed from his office even though an amended statute included the prosecuting attorney with county and city officials who could be suspended by the Circuit Court upon indictment. However, the prosecuting attorney in that case was subsequently prosecuted on the grand jury indictment by a special prosecutor. *Speer* v. *State,* 130 Ark. 457, 198 SW 113 (1917).

Since prosecuting attorneys and other State officials may be indicted and tried for alleged criminal activities whether there is an impeachment or not, there must be some way within the framework of our State's legal system for the prosecuting attorney to be indicted and tried even when the alleged crime occurs within the same judicial district in which he is elected the prosecuting attorney. Section 24-108, *Arkansas Statutes,* provides that it is the duty of the Court to appoint an attorney to "conduct the prosecution" when there is an indictment of the prosecuting attorney, but this statute makes no provision for the appointment of an attorney to assist the grand jury in the investigation of the alleged crime or in the drafting of an indictment. Section 24-117, *Arkansas Statutes,* provides that if a prosecuting attorney shall neglect or fail to attend to the courts of the circuit and to prosecute as required by law, it is the duty of the court to appoint an attorney to "prosecute for the State during the term". A literal reading of the statutory provision expresses an intent that a

special prosecutor shall be appointed only when the prosecuting attorney both fails to attend court and to prosecute as required by law. Here again, the statutory provisions fall short of providing authority for the circuit court to appoint a special prosecuting attorney to assist the grand jury when the elected prosecuting attorney is allegedly involved in the commission of a crime.

The absence of specific statutory authority for the appointment of a special prosecuting attorney under the circumstances of this case does not mean that the court is without authority to do what justice, reason and common sense dictate must be done. In other jurisdictions where there was the same lack of statutory authority for the appointment of a special prosecuting attorney under circumstances such as those here presented, the courts have held that there is an inherent power in the courts to make such an appointment. We hold that the Arkansas Circuit Courts also have such inherent power.

In *State, ex rel, Thomas, Pros. Atty.* v. *Gessner, et al, Judges,* 123 Ohio St. 474, 478 (1931), the judges of Mahoning County, Ohio, without notice to the prosecuting attorney, empaneled a special grand jury to investigate the alleged criminal conduct of the prosecuting attorney and appointed three members of the Ohio Bar to serve as special prosecutors. The Ohio prosecuting attorney in his petition for writ of prohibition raised many of the same objections here raised by the prosecuting attorney. In response to these objections, the Ohio Supreme Court said:

"It must be borne in mind that this proceeding is not one for the removal of the prosecuting attorney from office, or to appoint another prosecuting attorney in his place; neither is it an effort to appoint an assistant to the prosecuting attorney. The appointment of an assistant implies that such assistant would be under the direction of the prosecuting attorney himself. If there is any virtue in the proceedings which have resulted in the selection of counsel to aid and advise the grand jury, that virtue must be found in the selection of counsel who would be entirely independent of any influence on the part of the prosecuting attorney himself.

"There being no definite specific statutory provision for a finding of the temporary disqualification of the prosecuting attorney, it only remains to inquire whether the court possesses inherent power in the premises.

"It is not doubted that the court of common pleas has the power to call a grand jury into session and to instruct it. In the opinion of this court, there is no question of the right of the court to appoint counsel to aid and advise the grand jury concerning the matters presented to it, provided such counsel absent themselves from the jury room during the deliberations and the taking of the vote upon questions being determined by it."

For other authorities upholding the inherent authority of the court to appoint a special prosecutor when the State's attorney is under investigation, see *Williams v. State,* 188 Ind. 283, 123 NE 209 (1919), *State v. Jones,* 306 Mo. 437, 268 SW 83 (1924), 31 ALR 3rd 953, 986-988 (1970) and 65 *Yale Law Journal* 209, 216, 217.

In *Commonwealth v. McHale,* 97 Pa. 397, 406 (1881), the Supreme Court of Pennsylvania held that an act of 1866 enabling the court to appoint a special district attorney for the conduct of a case was not voided by the passage of a new constitution in 1874 making the district attorney a constitutional officer. In reversing the lower court which had quashed the indictments on the grounds that they were not signed by the district attorney, the Court said:

It was urged, however, that the indictments were properly quashed because not signed by the district attorney. They were signed by Guy E. Farquhar, Esq., who was specially appointed by the court to try these cases, under the Act of 12th March 1866, Pamph. L. 85. The appointment appears to have been regularly made in accordance with the provisions of said act, and was eminently proper, as the district attorney was a candidate at the general election at which the alleged frauds were committed, and which frauds, it is stated, increased his vote. It would therefore have been a breach of professional and official propriety for him to have

acted as district attorney in these cases. But it is said the appointment was illegal because the Constitution adopted since the act of 1866 was passed, makes the district attorney a constitutional officer, and as such he cannot be stripped of his powers by the legislature. There is little force in this suggestion. *While the legislature may not abolish the office, it can control the officer. They can regulate the performance of his duties, and punish him for misconduct, as in the case of other officers. And where he neglects or refuses to act, or where, from the circumstances of a given case, it is improper and indelicate for him to act, it is competent for the legislature to afford a remedy. This is all that the Act of 1866 does, and we think its provisions are not obnoxious to any constitutional provision."* (Emphasis Supplied).

The adoption by the State of Arkansas of the Constitution of 1874 making the prosecuting attorney a constitutional officer did not void the provisions of Section 24-108, *Arkansas Statutes,* passed in 1838 which provides for the appointment of a special prosecutor to prosecute the prosecuting attorney. Section 24-117, *Arkansas Statutes,* which provides for the court appointment of a special prosecuting attorney under certain circumstances was passed by the 1875 legislature. In *Speer* v. *Wood,* Supra, this court noted that the act under discussion was passed by the Legislature of 1877, which assembled less than three years after the adoption of the 1874 Constitution and contained members of the Constitutional Convention. The Legislature of 1875, no doubt, also contained members of the Constitutional Convention and must have intended that making the prosecuting attorney a constitutional officer did not prevent the appointment of a special prosecutor when the prosecuting attorney fails to attend court and to prosecute according to law.

The Petitioners argue that Section 24-108, *Arkansas Statutes,* is unconstitutional because it provides that if the prosecuting attorney is convicted, the attorney conducting the prosecution "shall be entitled to receive the sum of Fifty Dollars ($50.00) out of the salary" of the prosecuting attorney. In support of this proposition, the Petitioners rely chiefly on the decision of the U. S. Supreme Court in *Ward* v. *Village of Monroeville, Ohio,* 409 US 57, 93 S. Ct. 80 (1972), in

which the court held that it was a denial of due process to subject a person's liberty or property to the judgment of a court, the judge of which could benefit from the payment of a fine by the defendant. The case here before the Court does not involve a judge, but a prosecuting attorney, and no authority has been cited from any jurisdiction supporting the contention that a prosecuting attorney may not be paid a fee from the fine imposed upon a defendant whom he has successfully prosecuted. However, this Court does not pass on the broad question of whether such an arrangement for the payment of the prosecuting attorney may or may not be violative of due process. While the amount here involved is so small as to be inconsequential when compared to the overall expense of prosecuting the prosecutor, we note that the fee portion of the statute is severable from the remainder; and should it later be held unconstitutional that portion of the statute can easily be severed without affecting the remainder. Consequently, if error, it would be harmless error.

The Petitioners' contention that the special prosecutor must be a resident of the judicial district in which he is appointed to serve is without merit. The two specific provisions for the appointment of a special prosecuting attorney are found in Sections 24-108 and 24-117, *Arkansas Statutes.* These sections only require that the special prosecutor be an attorney at law. When the Court, in the exercise of its inherent power under the circumstances presented by this case, appoints a special prosecuting attorney, there does not appear to be any reason why the Court should be limited to the appointment of an attorney who is a resident of the judicial district. It is likely that attorneys who are members of the same local bar as the prosecuting attorney may seek to avoid appointment as a special prosecuting attorney under the circumstances here presented, and the Court may, in the exercise of reasonable discretion, select an attorney from some other area of the State to so serve. Article 7, Section 24, of the Arkansas Constitution provides for the election of a prosecuting attorney by qualified electors of each circuit and quite logically provides that the person, learned in law, who is elected shall be a resident of the circuit from which he is elected. This constitutional provision clearly has no application to the appointment of a special prosecutor.

Also without merit is the Petitioners' contention that a special prosecutor may not act as prosecuting attorney under the provisions of Act 561 of 1973 in which the prosecuting attorney is authorized to request an order of the Court to require that a person testify upon being granted immunity. A special prosecutor does not displace the prosecuting attorney from his constitutional office, but in order for him to be effective in the investigation and prosecution of the matters for which he has been appointed, he must have the right to proceed in the same manner as the prosecuting attorney. Section 43-919, *Arkansas Statutes,* provides that "no person except the prosecuting attorney, and the witnesses under examination, are permitted to be present while the grand jury are examining a charge". In *Bennett* v. *State,* 62 Ark. 516, 36 SW 947 (1896), an attorney acting for the prosecuting attorney went into the grand jury room and examined witnesses. In finding no violation of the statute, we stressed the fact that the attorney acted in the prosecutor's stead. Other cases to the same effect are *Tiner* v. *State,* 109 Ark. 138, 158 SW 1087 (1913), and *Coon* v. *State,* 109 Ark. 346, 160 SW 226 (1913).

Doyle Owen was indicted with Weems on the charge of arson and with Weems and Woolsey on the charge of conspiracy. Obviously, Weems and any deputy prosecuting attorney appointed by him are disqualified in the prosecution of the case against Owen and the case against Woolsey. The inherent power of the Court to appoint a special prosecuting attorney to investigate a charge, to assist the grand jury and to prosecute the prosecuting attorney, surely includes the right to appoint a special prosecutor to investigate, assist the grand jury, and prosecute a person charged as a co-conspirator with the prosecuting attorney.

The petition for writ of prohibition is denied. For good cause shown, an immediate mandate is ordered.

HOLT, J., disqualified.