Don VENHAUS, Pulaski County Judge, and PULASKI
COUNTY, ARKANSAS *v.* Darrell F. BROWN

84-309                                                    691 S.W.2d 141

Supreme Court of Arkansas
Opinion delivered June 10, 1985
[Rehearing denied July 15, 1985.*]

* George Rose Smith, J., not participating.

*Henry & Duckett*, by: *Stephen L. Curry*, for appellants.

*House, Wallace, Nelson & Jewell, P.A.*, by: *David M. Hargis*, for appellee.

ROBERT H. DUDLEY, Justice. The issue on appeal is whether a circuit judge has the inherent authority to appoint a special prosecuting attorney without the incumbent being legally removed or legally disqualified to act. We hold that the circuit court does not have such authority unless the incumbent Prosecuting Attorney is being investigated for, or charged with, illegal activity.

The circuit judge appointed appellee, Darrell Brown, as Special Counsel to a Special Grand Jury empaneled to investigate whether William McArthur, an attorney, should be charged with complicity in the murder of his wife, Alice. The investigation of Alice McArthur's death was one of the more notorious events in the history of Pulaski County. It produced daily front page newspaper and prime time television and radio coverage. It was compounded by dissension between the Sheriff's office, the Police Department, and the Prosecuting Attorney's office. The Sheriff claimed that McArthur received favored treatment because he was a lawyer. The Prosecuting Attorney believed McArthur was

innocent and refused to file an information. The Sheriff arrested McArthur without a warrant of arrest, and the news media published the event statewide. The Sheriff publicly asserted that he had evidence which would convict McArthur. After the warrantless arrest, a preliminary hearing was scheduled in the Pulaski County Municipal Court. The Prosecutor refused to take part in the preliminary hearing which was based upon the warrantless arrest. See *Venhaus* v. *Hale*, 281 Ark. 390, 663 S.W.2d 930 (1984). After a hearing, the Municipal Court bound McArthur over to the Circuit Court. The Prosecuting Attorney still was of the opinion that charges should not be filed against McArthur. The Sheriff then publicly called for a Special Grand Jury and a Special Prosecutor. He claimed the Prosecutor was a "suspect of the offense of hindering an investigation" in a different murder. The Prosecutor then wrote the Circuit Judge, in part, as follows:

> As an alternative to submission of this matter to a Grand Jury, which would be very costly, I suggest that you review the transcript of the preliminary hearing held in Pulaski County Municipal Court and decide whether the evidence is, in your opinion, sufficient to warrant submission of the matter to a trial jury. If, after reading the transcript, you are of the opinion that this case should be tried, I will disqualify and acquiesce in the appointment of a special prosecutor to file and try it.

> Should you determine that a Grand Jury should be called, I will be happy to present the evidence to it. There is no factual or legal basis for my disqualification. The fact that I presently believe that the evidence is not sufficient to warrant charging McArthur would not prevent me from fully and fairly presenting all available evidence to the jury and I would not attempt to unfairly influence the jurors.

The Circuit Judge then determined that a Special Grand Jury should be called and that a Special Prosecutor should be appointed. On February 2, 1983, without entering an order disqualifying the Prosecuting Attorney, the Circuit Judge appointed Darrell Brown as Special Counsel to the Special Grand Jury. On February 4, he empaneled the Special Grand Jury. Brown, by all indications effective in his undertaking, devoted

approximately four months of his time to the jury. The jury returned a no true bill against McArthur. Afterwards, Brown submitted his bill for services rendered to the Circuit Judge who, in turn, ordered appellant Venhaus, the County Judge, to pay $70,770.00 to Brown.

■ The office of Prosecuting Attorney is a constitutional office which operates in a quasi-judicial capacity. Const. of Ark. art. 7, sec. 24; amend. 21, sec. 1; *Weems & Owen* v. *Anderson, Spl. Judge*, 257 Ark. 376, 516 S.W.2d 895 (1974).

■ The framers of our constitution have charged an incumbent prosecutor with the grave responsibility of filing informations against those he deems guilty and refusing to file against those he believes to be innocent. He is also charged with the duty of acting as attorney for a grand jury who, like the prosecutor, should return an indictment against those it deems guilty and return a no true bill against those it deems innocent. The office of Prosecuting Attorney calls for sound judgment and a knowledge of the law in the exercise of discretion.

The judgment of the prosecutor in the case at bar was to not file an information against McArthur but to act as attorney for the grand jury while that body determined whether to return an indictment or a no true bill.

■ Incumbent prosecuting attorneys, like all Constitutional officers, have the right and the duty to perform the functions of their office until they are legally removed from office or legally disqualified to act. Here, the Circuit Judge sought neither to remove nor disqualify the incumbent before he appointed the special prosecutor.

■ The appellee contends that the Circuit Judge did not have to remove or disqualify the incumbent because the Circuit Court possesses the inherent power to appoint a special prosecuting attorney in order to preserve the integrity of the courts. The contention inherently contains the tacit admission that the Circuit Court acted without statutory authority. Even so, in limited circumstances, a circuit court does not have the authority, outside of statutory authority, to appoint a special prosecutor, without the removal or disqualification of the incumbent. Those limited circumstances exist when the incumbent prosecuting attorney is being investigated or charged with an illegal activity.

*Weems & Owen* v. *Anderson, supra. See also* 84 A.L.R.3d 115. Upon the occurrence of such a circumstance there is in a very real sense a vacancy in the representation of the public, and the circuit court is constitutionally vested with the authority to fill that temporary vacancy with the appointment of a special prosecutor. *Weems & Owen* v. *Anderson, supra.*

In the case at bar the Special Grand Jury was not empaneled to investigate some illegal act by the prosecutor. It was charged with hearing and considering evidence against William McArthur. The Prosecuting Attorney remained in office and was not found disqualified to act as attorney for the grand jury.

■■ The Prosecutor steadfastly refused to file criminal charges against a man he thought innocent but he would have presented the evidence to the grand jury. Under these circumstances it was not within the inherent authority of the circuit courts to interfere with that lawful exercise of discretion to refuse to file charges or to present evidence to the jury. Only the people in an election have the right to remove a prosecuting attorney from office due to objections to use of discretion.

■ Since the Circuit Judge did not have the authority to appoint the Special Prosecutor, he did not have the authority to order compensation for him.

Reversed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I again respectfully dissent. It is my opinion that the elected prosecuting attorney did in fact disqualify himself in this case. True, there was no formal pronouncement that he could not in good conscience prosecute the case against the named defendant. The defendant had previously been charged in the same matter and bound over by the municipal court. The prosecuting attorney had refused to prosecute. I think the prosecutor was right from what the record reveals in the case. He also stated he would not prosecute if the grand jury returned a true bill. His position was not contrary to the law and justice. After all, it is the duty of the prosecutor to protect the innocent as well as to prosecute the guilty or those who at least appear from the circumstances to be guilty. Perhaps the circuit judge should have made a definite determination about the matter before appointing a special prosecutor but he did not. I

think he was so closely associated with the facts of the case that he took it for granted that the prosecutor had in fact disqualified in the particular case.

The action of the grand jury vindicated the prosecutor's position that the whole affair was based upon the antithetical conduct of a certain political figure. The injustice to the subject of the grand jury investigation and the enormous expenses to the citizens and taxpayers are matters to be regretted. The prosecuting attorney stated he was not going to prosecute the subject if he were indicted. He could hardly be expected to press vigorously for an indictment. As a result of the appointment the matter was thoroughly investigated and laid to rest insofar as possible. I believe we should, in the limited circumstances of this case, affirm the trial court.