The Honorable William R. Bullock Prosecuting Attorney P.O. Box 220 Danville, Arkansas 72833-0220
Dear Mr. Bullock:
This is in response to your request for an opinion concerning your ability to appoint your daughter to the position of deputy prosecutor of Logan County. You have questioned the applicability of A.C.A. 21-8-304 in this regard, and you have enclosed two county anti-nepotism ordinances applicable to "elected county officials." (Ordinance No's. 15 and 83-5).
It may be concluded, as an initial matter, that the county ordinances are not applicable in this instance. The Arkansas Supreme Court has clearly stated that a prosecuting attorney is a constitutional state officer. Weems v. Anderson, 257 Ark. 376,516 S.W.2d 895 (1974).
With respect to the applicability of Section 21-8-304, it must be initially recognized that relationship by affinity or consanguinity to the appointing power or members thereof ordinarily is not a basis for disqualification from public office or employment. 67 C.J.S. Officers 23 (1978). Rather, this is a matter to be addressed by statute. Id.
While there appear to be no Arkansas cases directly on point, it is my opinion that the prohibition contained in 21-8-304 would not apply in this instance to preclude the hiring of your daughter. I do not believe that a hiring decision of this sort will ordinarily constitute a "special privilege or exemption" for purposes of that prohibition. The presumption is well established that the legislature employed words in their usual and common meaning. Simmons First Nat'l Bank v. Abbott, 288 Ark. 304, 705 S.W.2d 3
(1986). The word "privilege" is defined in Webster's Seventh New Collegiate Dictionary, p. 677 (1972 Ed.) as "a right or immunity granted as a peculiar benefit, advantage, or favor." Black's Law Dictionary, (5th Ed. p. 1077) offers the following definition:
 A particular and peculiar benefit or advantage enjoyed by a person, company, or class, beyond the common advantages of other citizens. An exceptional or extraordinary power or exemption. A right, power, franchise or immunity held by a person or class, against or beyond the course of law.
A violation of 21-8-304 could conceivably be premised upon a public official's hiring of someone within the proscribed class if, for instance. customary hiring procedures were not followed or the person was not qualified for the position. However, absent some particular circumstances suggesting this person's distinction from others, except for the relationship to the official, it may reasonably be concluded that employment is not a "special privilege or exemption."
It is also significant to note in this regard that A.C.A. 21-8-304
is a penal provision and as such must be strictly construed. Austin v. State, 259 Ark. 802, 536 S.W.2d 699 (1976); Knapp v. State, 283 Ark. 346, 676 S.W.2d 433 (1984). It is therefore my opinion that a court will be unwilling to read a general nepotism prohibition into the language of this provision. Such an intent could easily have been clearly expressed.
While it is thus apparent that the particular circumstances of each case must be considered, the facts as presented in your correspondence would not appear to offer a basis for challenge under Section 21-8-304, nor are we aware of any other prohibition in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.