The Honorable Dan Harmon Prosecuting Attorney Seventh Judicial District P.O. Box 999 Benton, AR 72105
Dear Mr. Harmon:
This is in response to your request for an opinion concerning your ability, as Seventh Judicial District Prosecuting Attorney, to hire the spouse of an elected Saline County official in light of Saline County Ordinance No. 78-9,[1] which provides in pertinent part:
 Article 1. No person related to an elected official of Saline County, Arkansas in the degree of . . . wife . . ., shall be eligible for employment by an elected official to serve in his/her employment in any capacity. The terms of this article may be waived by a majority vote of the Quorum Court, only if there are no qualified applicants for a vacancy which may exist and upon written request by the elected official affirming that a diligent and reasonable effort has been made to attract said qualified applicants.
As an initial matter, a question may arise as to whether the Saline County Quorum Court intended this ordinance to apply to the Prosecutor's office of the Seventh Judicial District. The ordinance prohibits the hiring of certain relatives of county elected officials by "an elected official." The question is whether the phrase "elected official" means and includes the local prosecutor. I should note that ordinarily this office, in an opinions context, concerns itself with the construction of state law, and does not construe the language of county ordinances. The construction of such ordinances necessarily involves the intent of the quorum court, a factor this office is not well situated to address.
In any event, it may be concluded that the county ordinance could not apply to your action. The Arkansas Supreme Court has clearly stated that a prosecuting attorney is a constitutional state officer, who operates in a quasi-judicial capacity. Venhaus v.Brown, 286 Ark. 229, 691 S.W.2d 141 (1985); Weems v. Anderson,257 Ark. 326, 516 S.W.2d 895 (1974); see also, A.C.A. §14-14-1202(2) (Cum. Supp. 1991). The quorum court has only "local legislative authority" and cannot exercise any authority not relating to county affairs. See Arkansas Constitution, Amendment 55 § 1(a) and (b) and Venhaus v. State ex rel.Lofton, 285 Ark. 23, 684 S.W.2d 252 (1985) (quorum court has no authority to establish the amount of salaries of circuit court employees, since quorum courts have jurisdiction only over local matters, and a circuit court and its employees are not a local matter).
It is therefore my opinion that even if the ordinance, on its face, is construed as applying to action taken by the Prosecuting Attorney, it may not constitutionally do so.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General T. Jeff Vining.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] This opinion addresses only the applicability of the county ordinance in question, and does not analyze the provisions of any state law which might be applicable (including A.C.A §14-14-1202, which is applicable to district judicial officers and A.C.A. § 21-8-304 (1987)), as these provisions do not appear to be the focus of your question.