The Honorable Mark Stodola Prosecuting Attorney, Sixth Judicial District P.O. Box 1979 Little Rock, Arkansas 72203
Dear Mr. Stodola:
This is in response to your request for an opinion on the following question:
 Whether a deputy prosecuting attorney may, within the bounds of law, ethics, or otherwise, be a candidate for, or serve as a member of, the board of directors of a city of the first class in Arkansas?
It is my opinion that the answer to this question is, generally, "yes."
The issue presented by your question is that of service by one individual in dual offices. In this context, it is necessary to determine as an initial matter whether, in fact, the positions of deputy prosecuting attorney and city board of director are considered "offices" for purposes of the dual office-holding doctrine. With regard to a deputy prosecuting attorney, the Arkansas Supreme Court has stated that the characteristics of the position, considered collectively, "indicate a public office as contrasted with a mere public employment, even though every public office may be an employment." Martindale v. Honey,259 Ark. 416, 419, 533 S.W.2d 198 (1976). As to the position of city board of director, I assume that your question refers to a city manager form of government, and there is no question that such a position constitutes an "office" within the meaning of dual office analysis. See generally, A.C.A. §§ 14-47-109—110 (Cum. Supp. 1991).
In the context of dual office-holding, there are three categories of unlawful conflicts of interest: a constitutional conflict, a statutory conflict, and a conflict created by offices having incompatible duties. Byrd v. State, 240 Ark. 743,402 S.W.2d 121 (1966). The presence of any one of these three conflicts renders the dual office-holding in question impermissible.
As to constitutional provisions, I find none which would prohibit one person from simultaneously holding the offices of deputy prosecuting attorney and city board of director. Article19, § 6 of the Arkansas Constitution generally prohibits any person from holding or performing the duties of more than one office in the same department of government at the same time. This provision of the Constitution, however, is inapplicable to the offices at issue in your question since those offices do not involve the same department of government. The provision codified at A.C.A. § 14-47-109(a)(2) (Cum. Supp. 1991) specifically states that a city board of directors constitutes the "supreme legislative and executive body of the city"; however, it has been stated that a prosecuting attorney serves in a judicial or quasi-judicial role. See Weems v. Anderson, 257 Ark. 376,516 S.W.2d 895 (1974); Smith v. Page, 192 Ark. 342, 91 S.W.2d 281
(1936); Griffin v. Rhoton, 85 Ark. 89, 107 S.W. 380 (1907).
The separation of powers doctrine, set forth in Article 4, § 2
of the Arkansas Constitution, also does not appear to be a prohibition to the dual service at issue in your question. Under this provision, a person serving in one branch of the government may not exercise any power belonging to another branch. As stated above, city boards of directors are part of the legislative and executive body of a city, while prosecuting attorneys are constitutional state officers acting in a quasi-judicial capacity. Thus, dual service in the offices of deputy prosecuting attorney and city board of director would appear, at first glance, to be prohibited by the separation of powers doctrine. It has been stated, however, that the separation of powers doctrine, found at Article 4, §§ 1 and 2, applies only to state officers and offices.[1] See Murphy v. Townsend, 72 Ark. 180,79 S.W. 782 (1904). Thus, the provision would be inapplicable to the offices at issue in your question since, as previously stated, those offices are in different levels of the government (state and municipal).
With regard to the second type of possible conflict of interest in dual service cases, it is my opinion that simultaneous service in the offices of deputy prosecuting attorney and city board of director is not prohibited by any state statutory law. The statute codified at A.C.A. § 16-21-113 (Cum. Supp. 1991) specifically pertains to deputy prosecuting attorneys; no provision therein precludes an individual in that office from simultaneously holding another office. Additionally, there are no prohibitions in the statutes concerning city boards of directors which would prevent a city director from simultaneously serving as a deputy prosecuting attorney. See generally A.C.A. §§14-47-109—110 (Cum. Supp. 1991). While the provision codified at A.C.A. § 14-47-109(a)(3) (Cum. Supp. 1991) specifically prohibits a city board of director from serving the city in any other capacity, except where expressly permitted to do so under that chapter, such prohibition is inapplicable in this case since a deputy prosecuting attorney does not serve the city in any capacity.
Thus, it only remains to be considered whether the duties of the offices of deputy prosecuting attorney and city board of director are in any way "incompatible." The question involved in the common law doctrine of incompatibility is whether the discharge of the duties of one office conflict with the duties of the other, to the detriment of the public good. Murphy v.Townsend, 72 Ark. 180, 79 S.W. 782 (1904). In further expounding on this doctrine, the Arkansas Supreme Court has cited, with approval, the following:
 The inconsistency, which at common law makes offices incompatible, . . . lies rather in the conflict of interest, as where one is subordinate to the other, and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one office has the power to remove the incumbent of the other or to audit the accounts of the other.
Tappan v. Helena Fed. Sav. Loan Ass'n, 193 Ark. 1023, 1025,104 S.W.2d 458 (1937), quoting 46 C.J. 942.
Incompatibility of offices has also been found to exist whenever the statutory functions and duties of the offices conflict or require the officer to choose one obligation over another. 63A Am. Jur. 2d Public Officers and Employees, § 78 (1984).
While the determination of incompatibility of offices is essentially a question of fact to be resolved by the judiciary, I perceive no apparent conflict by virtue of the mere holding of the offices of deputy prosecuting attorney and city board of director. This opinion is based on the fact that neither office is subordinate to the other in that one does not have supervisory power over the other. For example, it is clear from the applicable statutes that deputy prosecuting attorneys are not hired by, nor are their salaries determined by, city governing bodies. See generally A.C.A. §§ 16-21-117 (Advance Code Service 1992-93) 16-21-113 (Cum. Supp. 1991). See also
Section 2 of Act 1306 of 1993 (prosecuting attorneys shall have the power to appoint all deputies and employees without confirmation of any court or tribunal); Section 3 of Act 1306 of 1993 (quorum courts of the respective counties of a judicial district shall annually appropriate sufficient amounts to cover the salaries and expenses of the prosecuting attorney's office). Additionally, in your request you specifically reference the deputy prosecuting attorneys who serve the Sixth Judicial District which encompasses Pulaski and Perry Counties. With regard to Pulaski County, Act 997 of 1993 provides that the salaries of the staff of the prosecuting attorney are to be paid by the Pulaski County Quorum Court. See Section 2(d) of Act 997 of 1993.
It should be noted, however, that with regard to the incompatibility doctrine an argument might arise concerning a deputy prosecutor who appears, pursuant to A.C.A. § 16-21-113(d) (Cum. Supp. 1991), on a regular basis before a municipal court judge, whose salary is determined by the same governing body of which the deputy prosecutor is a member. It is my opinion, however, that the incompatibility doctrine would not prohibit the dual service at issue in your question even in this scenario. This opinion is based on the fact that the Arkansas General Assembly establishes a mandatory range in which the salaries of municipal judges must fall. See generally A.C.A. § 16-17-108. Thus, the only discretion which rests in a city governing body in setting the salary of a municipal judge is approval of a salary within the range established by the General Assembly and appropriation of sufficient funds to cover the salary. Additionally, this office has opined in two previous Attorney General opinions that there is generally no conflict of interest under the incompatibility doctrine where an individual, as a member of a city governing body, assists in setting the salary of a municipal court judge, before whom the member appears in a legal capacity. See Op. Att'y Gen. No. 93-184 (no conflict where private attorney, who practices in municipal court, also serves as city council member, a role in which he assists in approving the salary for municipal judge) (copy enclosed). Seealso Op. Att'y Gen. No. 89-266 (generally no conflict of interest or incompatibility for an individual to simultaneously serve as public defender and city council member) (copy enclosed). It should be noted, however, that should a conflict or an appearance of impropriety arise in this situation, an individual should consider either recusing himself from any city board discussions concerning appropriations for municipal judges' salaries, or divorce himself from any appearances before a municipal judge whose salary he has assisted in setting.
With regard to ethical considerations, I find no provisions in the Arkansas Rules of Professional Conduct which would prevent an individual from simultaneously serving as deputy prosecuting attorney and city director. Adherence to these rules would, however, be expected during an individual's dual service in these offices.
In sum, I find no authority which would prevent one from simultaneously serving as a deputy prosecuting attorney and a city board of director in a first class city in Arkansas. An individual who serves in such a dual position should, however, be always cognizant of any potential conflicts of interest which might arise on a case-by-case basis.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] See, however A.C.A. § 14-14-502(b), establishing a separation of powers doctrine for county government.