

# SUPREME COURT OF ARKANSAS

No. CR–13–781

| | |
|---|---|
| TONY BERNARD SMITH<br>PETITIONER<br><br>V.<br><br><br>HONORABLE L.T. SIMES, CIRCUIT<br>COURT JUDGE OF PHILLIPS<br>COUNTY, ARKANSAS, CRIMINAL<br>DIVISION<br><br><br><br><br>RESPONDENT | Opinion Delivered November 21, 2013<br><br>PETITION FOR WRIT OF<br>PROHIBITION OR, IN THE<br>ALTERNATIVE, WRIT OF<br>CERTIORARI<br>[NO. CR-2011-143]<br><br>HONORABLE L.T. SIMES, JUDGE<br><br><u>WRIT OF PROHIBITION DENIED;</u><br><u>WRIT OF CERTIORARI GRANTED.</u> |

**KAREN R. BAKER, Associate Justice**

The present case stems from capital–murder charges filed against Tony Bernard Smith in Phillips County, Arkansas, on July 15, 2011. On April 28, 2011, Michael Campbell was killed in an attempted aggravated robbery. On April 29, 2011, Smith was arrested in connection with Campbell's death, and has been detained in the Cross County jail since his arrest.[1] On July 15, 2011, Smith was charged with aggravated robbery and capital murder.

On April 5, 2013, Elected Prosecutor Fletcher Long and his deputy prosecuting

---

[1]Smith was initially held at the Phillips County jail. However, on April 22, 2013, the Phillips County jail shut down and Smith was transferred to the Cross County jail.

SLIP OPINION

attorney Todd Murray,[2] moved to nolle pros the case against Smith citing the main eyewitness's unavailability. The record demonstrates that the circuit court did not rule on the motion.

The case was set for trial on May 15, 2013, but was not tried. Rather, the parties conducted plea negotiations, but did not reach an agreement. On that same day, after the plea negotiations failed, Long filed a motion to nolle pros Smith's case because the State's eyewitness to the homicide was unavailable. The record demonstrates that Long approached the bench with a motion and an order to nolle pros and moved for the State to nolle pros the case. The circuit court took the motion to nolle pros under advisement.

On May 31, 2013, Smith filed his petition for writ of habeas corpus and a petition for writ of mandamus or, in the alternative, for a writ of certiorari.

On June 3, 2013, the circuit court conducted a hearing and denied the May 15, 2013 motion to nolle pros. In denying the motion, the circuit court stated that a special prosecutor "should be appointed to render an independent assessment of the facts bearing upon whether or not the Court should grant the State's motion to Nolle Prosequi." However, at that time, the circuit court did not appoint a special prosecutor.

On June 4, 2013, Smith filed a petition for writ of prohibition, or in the alternative, a petition for writ of certiorari in this court.

On June 6, 2013, we deemed Smith's petition for writ of mandamus or, in the

---

[2]To aid the reader, the opinion will refer to acts on behalf of the prosecutor's office as "Long."



alternative, for certiorari moot. On that same day, we denied without prejudice Smith's June 4, 2013 petition for extraordinary relief.

On August 16, 2013, the circuit court entered an order disqualifying Long as the prosecutor in the underlying case, appointed a special prosecutor, Ronald L. Davis, Jr., and set a jury trial on the capital-murder charges to begin on September 16, 2013.

On September 9, 2013, Smith filed an amended petition for writ of prohibition or, in the alternative, writ of certiorari, and a motion for accelerated consideration. On September 11, 2013, the circuit court filed an order continuing the trial originally set for September 16, 2013, pending this court's resolution on the petition. On September 19, 2013, we granted Smith's motion for accelerated consideration, stayed the circuit court proceedings, took the petition as an expedited case and ordered briefing.

On October 3, 2013, the parties filed simultaneous briefs, and on October 8, 2013 both parties filed simultaneous replies. On October 24, 2013, we granted the Arkansas Prosecuting Attorneys Association's ("APAA") motion to file a brief amicus curiae, and on that same day, the APAA filed its brief. This court has jurisdiction pursuant to Ark. Sup. Ct. R. 6-1(a) (2013) as Smith requests this court to grant an extraordinary writ.

Smith presents two points on appeal: (1) the circuit court erred in disqualifying the elected prosecutor and appointing a special prosecutor, and (2) the circuit court judge should be disqualified.

I. *Disqualification of the Elected Prosecutor and Appointment of a Special Prosecutor*

Before the court is Smith's amended petition requesting this court to issue a writ of

SLIP OPINION

prohibition or, issue a writ of certiorari, to nolle pros the capital–murder case; to release Smith from jail; and to require that the trial judge recuse from this matter.

For his first point on appeal, Smith contends that the circuit court exceeded its jurisdiction. Smith asserts that the circuit court erred by finding that the prosecutor's motion to nolle pros Smith's case was a "formal announcement of [the prosecutor's] disqualification." Smith contends that the prosecutor's motion to nolle pros was simply that, a motion to nolle pros, because the evidence was inconsistent and unreliable and did not serve as a disqualification of Long. Second, Smith contends that the circuit court erroneously interpreted and applied Ark. Code. Ann. § 16–21–112(a) (Repl. 1999) because Long was not disqualified and a special prosecutor was not warranted.

The circuit court responds that it was justified in its decision to deny the motion to nolle pros because the State failed to diligently pursue the case against Smith and failed to provide sufficient cause to nolle pros the matter, thereby disqualifying Long and requiring appointment of a special prosecutor.

At issue is the circuit court's August 16, 2013 order that provides in pertinent part:

This Court finds and concludes that Prosecuting Attorneys Todd Murray and Fletcher Long are hereby disqualified. The Court hereby appoints as Special Prosecutor, Ronald L. Davis, Jr.

We first address Smith's request that we issue a writ of prohibition regarding the August 16, 2013 removal of Long and appointment of special prosecutor Davis. A writ of prohibition is extraordinary relief that is appropriate only when the circuit court is wholly without jurisdiction. *See White v. Palo*, 2011 Ark. 126, 380 S.W.3d 405. Writs of prohibition are

prerogative writs, extremely narrow in scope and operation; they are to be used with great caution and forbearance, and they should issue only in cases of extreme necessity. *Int'l Paper Co. v. Clark Cnty. Cir. Ct.*, 375 Ark. 127, 289 S.W.3d 103 (2008). The writ of prohibition cannot be invoked to correct an order already entered. *Id.* In those instances, a writ of certiorari is the appropriate vehicle. *Id.*

Here, the allegations in Smith's petition for a writ of prohibition concern an order already entered by the circuit court. We will not issue a writ of prohibition for something that has already been done. *Allen v. Circuit Ct. of Pulaski Cnty.*, 2009 Ark. 167, 303 S.W.3d 70. Because the circuit court has already entered the order, a writ of prohibition does not lie. *Id.*

Alternatively, Smith has requested that this court issue a writ of certiorari. A writ of certiorari is also extraordinary relief. "In determining its application we will not look beyond the face of the record to ascertain the actual merits of a controversy, or to review a circuit court's discretionary authority." *Southern Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322, at 3, ___ S.W.3d ___, ___. A writ of certiorari lies to correct proceedings erroneous on the face of the record when there is no other adequate remedy; it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided. *Casement v. State*, 318 Ark. 225, 884 S.W.2d 593 (1994) (citing *Lupo v. Lineberger*, 313 Ark. 315, 316–17, 855 S.W.2d 293, 293–94 (1993)).

There are two requirements that must be satisfied in order for the court to grant a writ of certiorari. First, there can be no other adequate remedy but for the writ of certiorari. No other adequate remedy exists where the issuing court has no legal authority to support its

SLIP OPINION

order. *Ark. Game & Fish Comm'n v. Herndon*, 365 Ark. 180, 183, 226 S.W.3d 776, 779 (2006). Second, the writ of certiorari lies only where (1) it is apparent on the face of the record that there has been a plain, manifest, clear, and gross abuse of discretion, or (2) there is a lack of jurisdiction, an act in excess of jurisdiction on the face of the record, or the proceedings are erroneous on the face of the record. *Id.* Accordingly, a writ lies when the judge has acted in excess of his or her authority. *See Conner v. Simes*, 355 Ark. 422, 139 S.W.3d 476 (2003).

Smith contends that the circuit court exceeded its authority and left Smith with no other remedy but an extraordinary writ. The circuit court responds that it was justified in its appointment of special prosecutor Davis because Long disqualified himself by not prosecuting Smith when there was evidence to support the prosecution.

The issue on appeal requires us to construe the relevant statute, Ark. Code Ann. § 16-21-112(a). The question of the correct application and interpretation of an Arkansas statute is a question of law, which this court decides de novo. *Broussard v. St. Edward Mercy Health Sys., Inc.*, 2012 Ark. 14, 386 S.W.3d 385. "When reviewing issues of statutory interpretation, we are mindful that the first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning." *Voltage Vehicles v. Ark. Motor Vehicle Comm'n*, 2012 Ark. 386, at 4, ___ S.W.3d ___, ___. We construe the statute so that no word is left void, superfluous, or insignificant, and meaning and effect are given to every word in the statute if possible. *Id.* "When a statute is clear, we give it its plain meaning, and this court will not search for legislative intent; rather, that intent will be gleaned from the plain meaning of the language used." *Id.* at 4, ___ S.W.3d at ___. It is

SLIP OPINION

for this court to decide what a statute means. *Chase Bank USA, N.A. v. Regions Bank*, 2013 Ark. 129.

The applicable statute is Arkansas Code Annotated § 16-21-112(a), which allows the appointment of a special prosecutor in very limited circumstances and provides in pertinent part:

> If any prosecuting attorney neglects, or fails from sickness or any other cause, to attend any of the courts of the district for which he was elected and to prosecute as required by law, it shall be the duty of the court to appoint some proper person, being an attorney at law, to prosecute for the state during the term.

Smith contends that the plain language of the statute supports his position that Long was not disqualified pursuant to this statute because Long did not neglect or fail to attend Smith's case and prosecute as required by law. Smith asserts that Long attended Smith's case and prosecuted as required by law by requesting to nolle pros the case. Smith further contends that, although Long offered for the circuit court to inquire as to the nolle pros request and to provide the circuit court with more information, the circuit court declined the invitation. The circuit court responds that Long's lack of diligence in pursuing the case against Smith disqualified Long within the meaning of the statute, and allowed the circuit court to appoint a special prosecutor.

We now turn to our interpretation of the applicable statute. The plain language of the statute provides that the prosecutor must neglect or fail to attend court and prosecute as required by law in order to trigger the necessity to appoint a special prosecutor.

Black's Law Dictionary defines "neglect" as:

1. The omission of proper attention to a person or thing, whether inadvertent,

SLIP OPINION

negligent, or willful; the act or condition of disregarding.

2. The failure to give proper attention, supervision, or necessities, . . . to such an extent that harm results or is likely to result.

*Black's Law Dictionary* 1132 (9th ed. 2009). Merriam-Webster defines "attend" as: "to pay attention to; to look after; take charge." *Merriam-Webster's Collegiate Dictionary* (11th ed.) (2004).

With regard to the statutory language "to prosecute as required by law," Ark. Code Ann. § 16-21-103 (Repl. 1999), "Duty to commence and prosecute criminal actions," provides that "each prosecuting attorney shall commence and prosecute all criminal actions in which the State or any county in his district may be concerned."

With our rules of statutory construction in mind, in reviewing Ark. Code Ann. § 16-21-112(a), we hold that the circuit court erred. Ark. Code Ann. § 16-21-112(a) plainly and unambiguously states that "if any prosecuting attorney neglects, or fails from sickness or any other cause, to attend any of the courts of the district for which he was elected and to prosecute as required by law" then a special prosecutor may be appointed. Here, the record fails to demonstrate that Long neglected, or failed to attend court and prosecute as required by law in the case brought against Smith.

Further, although we have two cases that address the appointment of a special prosecutor, Smith contends that neither of these cases are on point with the particular facts in Smith's case. We agree. The two cases, *Venhaus v. Brown*, 286 Ark. 229, 691 S.W.2d 141 (1985), and *Weems v. Anderson*, 257 Ark. 376, 516 S.W.2d 895 (1974) are not on point and address unique circumstances outside Ark. Code Ann. § 16-21-112(a). *See Venhaus*, 286 Ark.

8



at 232, 691 S.W.2d at 143. In *Venhaus*, citing to *Weems*, we explained, "In limited circumstances, a circuit court does have the authority, *outside of statutory authority*, to appoint a special prosecutor, without the removal or disqualification of the incumbent. Those limited circumstances exist when the incumbent prosecuting attorney is being investigated or charged with an illegal activity." *Venhaus*, 286 Ark. at 232–33, 691 S.W.2d at 143 (emphasis added); *see also Johnston v. Brisco*, No. 06-CV-03002 (W.D. Ark. May 30, 2007)(mem.). In *Weems*, we upheld the appointment of a special prosecutor to investigate and prosecute an elected prosecutor for criminal activity. Accordingly, neither *Venhaus* nor *Weems* is analogous to Smith's case.

Having held that the circuit court erred, we now turn to whether the writ of certiorari is appropriate. First, it is clear to this court that Smith has no other remedy. Second, we find that the record on its face demonstrates that the circuit court exceeded its jurisdiction by disqualifying Long and appointing a special prosecutor. The record fails to support the circuit court's appointment because the limited circumstances under which our statutes and case law have allowed the appointment of a special prosecutor have not occurred in this case. The disqualification of Long was not based on Long's failure to attend to the court due to illness, or other cause, nor was he disqualified for an investigation of his own criminal activity. As previously discussed, the record fails to demonstrate that Long failed to attend the court or prosecute as required by law, but rather, demonstrates that he attended court and filed the State's motion to nolle pros. Since that time, the record further demonstrates that Smith's case has not been called for trial. Therefore, we agree with Smith that the circuit court has

exceeded its jurisdiction.

Because the circuit court acted in excess of its jurisdiction, and because Smith is left without an adequate alternative remedy, we hold that relief in the form of a writ of certiorari is appropriate. We issue the writ of certiorari and order the Phillips County Circuit Court to rescind its August 16, 2013 order disqualifying Long and appointing special prosecutor Davis, lift the stay of the proceedings, and direct the circuit court to promptly set the matter for trial.[3]

However, we decline to direct the circuit court to nolle pros the capital-murder charges against Smith. The narrow question before us is whether the writ of certiorari lies with regard to the circuit court's denial of the motion to nolle pros. The answer is no. "A prosecuting attorney and a circuit judge both have great discretion in performing their duties. The prosecutor has the discretion to file charges and the discretion to ask the court to dismiss charges. The trial court has the discretion to grant or deny a motion to dismiss charges." *Webb v. Harrison*, 261 Ark. 279, 281, 547 S.W.2d 748, 749 (1977); *see also State v. S.L.*, 2012 Ark. 73, at n.1 ("A prosecutor has the discretion to request that the court nolle pros a charge, *see Webb*, 261 Ark. at 281, 547 S.W.2d at 749, and the court has the discretion to grant or deny the prosecutor's request, *see Noland v. State*, 265 Ark. 764, 770, 580 S.W.2d 953, 956 (1979)"). Accordingly, the writ does not lie because "in determining its application, we will not . . . review a circuit court's discretionary authority." *Moore v. Circuit Court of Phillips County*, 2013 Ark. 443, ___ S.W.3d ___ (citing e.g., *S. Farm Bureau Cas. Ins. Co. v. Parsons*, 2013 Ark. 322,

---

[3]Having determined that there was not a valid disqualification of Long, we need not reach the issue of whether Ark. Code Ann. § 16-21-112(a) permits the appointment of a special prosecutor to an individual case.

___S.W.3d ___.)  Thus, we decline to issue the writ of certiorari regarding the circuit court's denial of the State's motion to nolle pros.

Finally, Smith requests we direct his release from the Cross County jail.  We decline to release Smith from jail because he has failed to demonstrate that he is illegally detained.

## II. *Disqualification of the Circuit Court Judge*

For his second point on appeal, Smith asserts that because the circuit court erred in disqualifying Prosecutor Long and appointing a special prosecutor, the circuit court judge has demonstrated his bias against Smith and should be removed from presiding over Smith's pending criminal action. Smith contends that the circuit court demonstrated its bias with the following acts: (1) its failure to inquire about the nolle pros request, (2) its reliance on newspaper articles in violation of Rule 2.4 of the Arkansas Code of Judicial Conduct, and (3) its ex parte communications with the prosecutor in violation of Rule 2.9 of the Arkansas Code of Judicial Conduct.  The circuit court responds that Smith did not preserve this issue as he did not present it to the circuit court.

We agree with the circuit court.  An argument alleging judicial bias is not preserved when there was not an objection based on the bias of the judge or a motion for the trial judge to recuse. *Middleton v. Lockhart*, 364 Ark. 32, 216 S.W.3d 98 (2005) (citing *S. Farm Bureau Cas. Ins. Co. v. Daggett*, 354 Ark. 112, 118 S.W.3d 525 (2003)).  Here, there is no record of a prior objection or motion regarding bias of the circuit judge.  Because the argument was not made below, we will not address the merits of this issue.

Writ of prohibition denied; writ of certiorari granted.

Special Justice JOHN ELROD joins in this opinion.

CORBIN, J., not participating.

*Dorcy Kyle Corbin*, *Madison P. "Pat" Aydelott, III*, and *Amy Jackson Kell*, Arkansas Public Defender Commission, for petitioner.

*Terrence Cain*, for respondent.

*Marc McCune*, President, Arkansas Prosecuting Attorneys Association, amicus curiae for Arkansas Prosecuting Attorneys Association.