## HUNTER STATE BANK *v.* MILLS.

### Opinion delivered March 22, 1909.

1. OFFICES AND OFFICERS—LIABILITY OF SURETIES.—Where the sureties on a county treasurer's bond obligated themselves that such officer would well, truly and faithfully perform and discharge all of the duties of the office of county treasurer, and account for and pay over all moneys that might come into his hands as such treasurer, they did not become liable for penalties imposed upon him by a statute enacted after the execution of the bond. (Page 15.)

2. SAME—IMPOSING NEW DUTIES ON OFFICERS.—As public officers do not hold by contract or grant, the rights and duties attached to an office may be changed and additional ones imposed during an officer's term of office, provided the new duties are appropriate to the office, and penalties may be imposed for failure or neglect of the officer to perform them.   (Page 15.)

Appeal from Woodruff Circuit Court; *Hance N. Hutton,* Judge; reversed in part.

*J. T. Patterson,* for appellant.

The obligation of the bond was that the officer should "well, truly and faithfully perform and discharge all of the duties of the said office," etc.   Sureties on official bonds are not discharged by every change in the law prescribing the duties of their principal.   Under the special act in question the duties imposed were germane and appropriate to the office, the penalties prescribed were less than those imposed by the law in force at the time the bond was executed, and the obligations of the contract were not impaired.   36 N. Y. 459; 91 Am. St. Rep. 505; 506, note; 27 Am. & Eng. Enc. of L., 2d Ed. 542-3; Kirby's Dig., § 1165.

*H. M. Woods,* for appellee.

Sureties of public officers are not liable for duties subsequently imposed upon the officer which are not within the scope of the contract as originally contemplated by the parties.   24 Am. & Eng. Enc. of L., 1st Ed. 881.   The special act changed the nature and character of the office, and increased the liability of his sureties to such an extent that they cannot be presumed to have contracted with reference to such changes and additional penalties, and thereby the obligation of the contract was impaired.   Kirby's Dig. § § 1159, 1165-6, 775, 2019, 63; art. 7, § 46, Const.; 27 Am. & Eng. Enc. of L., 2d Ed. 542; 51 Ark. 206; 3 Ark. 285.

BATTLE, J.   The Hunter State Bank, the depositary of the public funds of Woodruff County, brought this action against C. B. Mills, county treasurer of said county, and certain sureties on his official bond, to recover penalties on account of the failure of Mills, as county treasurer, to immediately pay over to the plaintiff, as such depositary, the public funds of the county upon receipt of same.

The first paragraph of the complaint, omitting the caption, is as follows:

"The plaintiff, the Hunter State Bank, for its cause of action herein against the defendants, C. B. Mills, Robt. C. Lynch, T. C. Carter, and F. H. Kennedy, states that the plaintiff herein is a corporation organized and existing under the laws of the State of Arkansas and having its situs and principal office and place of business at the town of Hunter in Woodruff County, Arkansas. That the above-named defendant, C. B. Mills, is and has been since the 17th day of November, 1906, the duly elected, qualified, commissioned and acting treasurer of Woodruff County, Arkansas; that on the 31st day of October, 1906, the said C. B. Mills, as treasurer as aforesaid, made, executed and filed his bond as such county treasurer, with Robt. C. Lynch, T. C. Carter and F. H. Kennedy, who are also made defendants herein, as his sureties upon such bond, and which bond was on the 17th day of November, 1906, duly approved by the county court of Woodruff County. * * * That at the April term, 1907, of the county court of Woodruff County, Arkansas, this plaintiff, the Hunter State Bank, was by the county court selected and designated to be the depositary of the public funds of Woodruff County, including the school funds thereof. * * * * That, in making the aforesaid order so selecting and designating this plaintiff as such depositary of the public funds of Woodruff County as aforesaid, the county court acted pursuant to the authority and in conformity to the provisions and requirements of an act of the Thirty-Sixth General Assembly of the State of Arkansas, entitled "An Act to create a depositary for the county funds of Woodruff County, Arkansas," which was approved March 7, 1907. That on the 27th day of April, 1907, and within twenty days next after the county court made the aforesaid order selecting this plaintiff to be the depositary of the public funds of Woodruff County, including the school funds thereof, as aforesaid, this plaintiff, made, executed and filed with the county clerk of Woodruff County its bond as such county depositary, as required by law, which bond was on the 27th day of April, 1907, duly approved by the county court of Woodruff County. * * * That thereafter on the .... day of........ 1907, the said C. B. Mills, as county treasurer of Woodruff

County as aforesaid, paid over to this plaintiff as such county depositary of said county the public funds of Woodruff County, including the school funds thereof which were then in his hands as such county treasurer of Woodruff County, as required by law. That on the 10th day of September, 1907, C. B. Mills, as county treasurer of Woodruff County, as aforesaid, received from the treasurer of the State of Arkansas the sum of $7,469.68, the same being a part of the public funds of said Woodruff County, including the school funds of said county; that, after the receipt of the aforesaid sum of $7,469.68 by the said C. B. Mills as county treasurer as aforesaid, the said C. B. Mills, as such county treasurer as aforesaid, failed to immediately deposit the same with the plaintiff herein as such depositary of the public funds of said Woodruff County as aforesaid, as required by law, but the said C. B. Mills, county treasurer as aforesaid, held the aforesaid sum of money, the same being a part of the public funds of the said Woodruff County and a part of the school funds thereof, from the time of the receipt of the same by him as aforesaid until the 3d day of October, 1907, when he deposited the same with the plaintiff herein as such county depositary as aforesaid; that the action of the said C. B. Mills as county treasurer as aforesaid in failing to deposit with this plaintiff as such depositary of the public funds of Woodruff County the aforesaid sum of $7,469.68, the same constituting a part of the public funds and a part of the school funds of Woodruff County as aforesaid, immediately upon receipt thereof by him as required by law, and in withholding and failing to so deposit with this plaintiff as such depositary the aforesaid sum of money from the 10th day of September, 1907, or the time of the receipt thereof by him until the 3d day of October, 1907, when he deposited the same with this plaintiff as aforesaid, constitute a breach of the conditions of the bond of the said C. B. Mills as county treasurer, as aforesaid, and by reason of such breach of the conditions of the bond of the said C. B. Mills, as county treasurer as aforesaid, this plaintiff has sustained injury and damage in the sum of five hundred seventy-two and 66-100 (572.66) dollars the same being ten per centum per month on the aforesaid sum of $7,469.68 from September 10, 1907, to October 3, 1907, and for which sum the defendants herein are liable to the plaintiff herein

under the provisions of the act of the General Assembly of the State of Arkansas as hereinabove referred to."

The complaint contains other paragraphs of like tenor alleging further damages.

The conditions of the bond sued on is as follows: "Whereas the above bounden C. B. Mills was on the third day of September, 1906, duly elected to the office of treasurer of Woodruff County, Arkansas: now, if he, the said C. B. Mills, shall well, truly and faithfully perform and discharge all of the duties of the said office, and if he shall account for and pay over all moneys that may come into his hands as such treasurer, then this obligation to be void; otherwise to remain in full force and effect."

Defendants demurred to the complaint for the following reason:

"Because the act entitled 'An Act to Create a Depository for the County Funds of Woodruff County, Ark.', is in violation of art. 2, section 10, of the Constitution of the United States, and in violation of art. 2, sec. 17, of the Constitution of the State of Arkansas, because said act impairs the obligation of a contract, said contract being a bond executed by defendants on the .... day of...·.........., 1906, and upon which this action is based; the penalties and liabilities under the special act herein mentioned being greatly in excess of· those fixed by the statute in force at the time of the execution of the bond herein mentioned."

The court sustained the demurrer, and dismissed the action, and plaintiff appealed.

The bond sued on was executed on the 31st day of October, 1906, and the act referred to in the demurrer was approved March 7, 1907. This act makes it the duty of the county judge of Woodruff County to loan the county funds of such county, including school funds, to any bank, banker, or trust company, which or who shall offer to pay the highest rate of interest thereon, at such rate; makes the successful bidder, on performing certain conditions, the depositary of such county; and makes it the duty of the county treasurer immediately upon the receipt of any county funds to deposit the same with the depositary, to the credit of the county and the particular fund to which it may belong, and for a failure to perform this duty makes him

liable to the depositary on his official bond for ten per centum per month upon any sum not so deposited, to be recovered by civil action in any court of competent jurisdiction; and makes it the duty of the depositary to provide for the prompt payment of all checks of the county treasurer drawn upon the county funds in his hands.

The obligation of the sureties on the bond sued on was that Mills would well, truly and faithfully perform and discharge all of the duties of the office of county treasurer, and account for and pay over all moneys that may come into his hands as such treasurer. This does not include penalties imposed upon the treasurer after the execution of the bond. *Jeffreys* v. *Malone,* 105 Ala. 489; *McDowell* v. *Burwell,* 4 Rand. 317; 29 Cyclopedia of Law and Procedure, 1454, and cases cited; Murfree on Official Bonds, § 654.

In Murfree on Official Bonds, § 654, it is said: "The obligation of a surety for the due discharge of his official duties by his principal is that the surety will answer the damage that may result from the breach of the bond; it is not that the principal will respond to such fines and penalties for his misconduct as may be prescribed by law and awarded by judicial authority. The fine and penalty are punishment for neglect of duty, and may be imposed or incurred, irrespective of actual damages or loss suffered by any one."

It follows that the sureties' on the bond sued on are not liable for the penalties imposed by the act of March 7, 1907, which was subsequent to the execution of the bond. But this is not true of the principal, Mills. He did not hold the office of treasurer by contract or grant. The rights and duties attached to it were created by law, and may be changed, or additional ones may be imposed upon him during the currency of his term, provided the new duties are appropriate to his office, and to secure the performance thereof penalties may be imposed upon him for failure or neglect to perform. New duties, which were appropriate to his office, were lawfully imposed upon Mills, with penalties attached for the failure to perform them, by the act of March 7, 1907, and he is liable therefor.

We have not failed to notice *Christian* v. *Ashley County,* 24 Ark. 142. The court in that case held that the sureties were

liable for the penalty, because it was the intention of the statute to make them responsible. It did not say that they would be liable in the absence of such a statute.

The judgment is sustained as to the sureties, and reversed as to Mills, and cause is remanded with directions to the court to overrule the demurrer to the complaint.