DOROTHY BESHARSE *v.* CITY OF BLYTHEVILLE, ARKANSAS

73-36                                        493 S.W. 2d 708

Opinion delivered April 30, 1973
[Rehearing denied May 25, 1973.]

*Jake Brick* and *Oscar Fendler,* for appellant.

*Bill Rose* and *Gardner & Steinsiek,* for appellee.

CONLEY BYRD, Justice. Upon petition of appellee City of Blytheville, Arkansas, a writ of mandamus was issued directing appellant Dorothy Besharse, the city clerk, to comply with ordinances No. 869 and 870 of the City of Blytheville. For reversal she contends: that the ordinances are illegal, unlawful and without legal effect; that the city had an otherwise adequate remedy; and that in the exercise of its discretion the trial court should have denied the petition for mandamus.

One of the ordinances creates the office of "Finance Director" to be in charge of the city's financial affairs and provided the city's moneys should be paid out upon the signature of the "Finance Director" and the Mayor. Appellant who had been in charge of the city's finances was directed by the other ordinances to turn over to the "Finance Director" bank accounts, bookkeeping records, etc., used in connection with such duties.

We can find nothing in Sections 3 and 4 of Article 12 of our Constitution that would prohibit the General Assembly from permitting cities and towns to handle their finances as the appellee here proposes to do.

We find nothing in ordinances 869 & 870 contrary to the general laws of the state. Appellant relies upon several sections of Act 1 of 1875, as placing the duties of financial management upon the clerk. We do not necessarily agree with appellant's interpretation thereof but any doubt as to the right of the City of Blytheville to legislate on the matter is removed by Acts 1971, No. 266 which provides:

> "Section 1. Any city of the first class is hereby authorized to perform any function and full legislative power in any and all matters of whatsoever nature

pertaining to its municipal affairs including but not limited to the power to tax."

Neither does appellant have a vested right to prevent the city from changing the duties imposed upon her through its legislative processes. See *Hunter State Bank* v. *Mills,* 90 Ark. 10, 117 S.W. 760 (1909).

Appellant also contends that by virtue of some outstanding bonds the city is prevented from moving the financial affairs from her office. On this issue, we find that she as city clerk has no standing to complain.

It thus appearing that the transfer of the funds, books and bookkeeping machinery involved only a ministerial function, the writ of mandamus was properly issued. See *Ghent* v. *State Use School Districts,* 189 Ark. 747, 75 S.W. 2d 67 (1934).

Affirmed.