The Honorable Charlotte Schexnayder State Representative Post Office Box C Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This is in response to your request, on behalf of the Mayor of Dumas, for an opinion on the following two questions:
 1) Can a city of the first class prohibit its elected Clerk-Treasurer from also serving as Municipal Court Clerk?
 2) Can a city of the first class prohibit its Municipal Court Clerk from holding an elected city position?
It is my opinion that the answer to each of your questions is "yes."
You have enclosed with your request a copy of a letter from the Mayor of Dumas which explains that the City of Dumas has an elected Clerk-Treasurer, and in addition, the City has a municipal court clerk who is hired by the Municipal Judge and paid partially by the city and partially by the county.[1]
The same person has served as both Clerk-Treasurer and Municipal Court Clerk in Dumas for many years. The City is considering prohibiting the same person from holding both positions because the responsibilities have become too much for one person.
The office of "clerk-treasurer" is authorized at A.C.A. §14-43-405 (1987). This statute does not address the holding of any other position by this official. Another statute, however, is relevant to your question. Section 16-17-211 (1987) of the Arkansas Code deals generally with municipal court clerks, and states that the "judge of any municipal court may appoint a clerk for the court." A.C.A. § 16-17-211(a). The statute also provides, however, that "[w]here the duties of the office of municipal court clerk do not require a full-time employee, the city council may require that the duties of the clerk be performed by any other officer of the city." A.C.A. § 16-17-211(g).
The records of the City show that in 1973, when the municipal court was created, the City passed a resolution appointing the then "recorder" of the City of Dumas as municipal court clerk.[2] See Resolution 175 (a copy of which was enclosed with your request). This is the same person who currently serves as "clerk-treasurer" and municipal court clerk. The resolution also provided for a salary of one hundred and fifty dollars per month or eighteen hundred dollars a year. This would have been consistent with the requirements of the relevant precursor to the present A.C.A. § 16-17-211 as embodied by Act 175 of 1963. It provided that in county seat towns with less than 2,400 population, the city council could fix the salary of the municipal court clerk at any sum not exceeding eighteen hundred dollars per annum and could designate the duties of such clerk to be performed by any other officer of the city. For all other cities, the city council could fix the salary at not exceeding forty-eight hundred dollars and could require the duties of the municipal court clerk to be performed by any other officer of the city. I do not know which classification above the City of Dumas fell under in 1973, but in either case, it appears that the City exercised its option of having another officer of the City perform the duties of municipal court clerk. Your first question is whether it may now rescind this determination and prohibit its elected clerk-treasurer from serving as municipal court clerk. It is my opinion that the answer to this question is "yes." Current law clearly provides that the city council may require an elected city officer to perform the duties of municipal court clerk where the duties do not require a full time employee. A.C.A. §16-17-211. It would appear that if the city council determines that the duties do require the services of a full-time employee, it may rescind this decision, and no longer require the city officer to perform these duties. Your question goes further, however, and inquires as to whether the City can "prohibit" the clerk-treasurer from performing these duties. It is my opinion that it may. I have found no provision of law which restricts the authority of the City in this regard. Cities have the general authority to exercise legislative authority pertaining to their municipal affairs. See A.C.A. § 14-43-602. In addition, cities have authority to enact by-laws and ordinances, not inconsistent with the laws of the state, which shall seem necessary to provide for the "safety, preserve the health, promote the prosperity, and improve the morals, order, comfort, and convenience of such corporations." A.C.A. § 14-55-102. I have found nothing in state law which would prevent a city from enacting a ordinance prohibiting its officers from serving the city in any other capacity.[3] Cf. also generally, Besharse v. City ofBlytheville, 254 Ark. 382, 493 S.W.2d 708 (1973).
A similar response is appropriate in response to your second question. It should be noted that A.C.A. § 16-17-108(ff) provides that the Dumas municipal court clerk "shall be employed and paid" by the City of Dumas.[4] Assuming therefore, that the clerk is a city employee or officer, I have found no prohibition against the City passing an ordinance restricting officers and employees from serving the City in other capacities.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
MB:ECW/cyh
Enclosure
[1] This does not appear to be consistent with A.C.A. §16-17-108(ff) which provides that the municipal court clerk is to be "employed and paid by the City of Dumas."
[2] I assume from the designation "recorder" that the City of Dumas was a city of the second class at the time, as it appears that "recorders" are only provided for in such cities. See
A.C.A. § 14-14-109 and -114.
[3] The question of whether a particular ordinance in this instance would constitute a "bill of attainder" under constitutional analysis would involve a detailed review of all the facts surrounding the matter; an undertaking which is not within the proper scope of an Attorney General's opinion. Seehowever, Op. Att'y Gen. 94-057 (copy enclosed), which discusses bills of attainder.
[4] You have not posed the question of who would have the authority to appoint the next municipal court clerk if the current one ceases to serve. It would appear that A.C.A. §16-17-211, generally authorizing the municipal judge to make the selection, and A.C.A. § 16-17-108(ff) stating the clerk is to be "employed" by the City of Dumas, conflict on this point.