The Honorable Brent Davis Prosecuting Attorney Second Judicial District P.O. Box 491 Jonesboro, Arkansas 72403
Dear Mr. Davis:
This is in response to your request for an opinion on eight questions regarding a contract between the state Office of Child Support Enforcement and Mississippi County. This contract is for the provision of child support services to Mississippi County. You note that Mississippi County contracts with the law firm of Burrow, Harlan Childers to provide all legal services for the Child Support Unit. The contract term begins July 1st of each year and concludes June 30th of the next year.
You also note that two members of the law firm also serve as part-time deputy prosecuting attorneys. Under Act 1044 of 1999, these two members became "state employees" on January 1, 2000, their salaries in that capacity now being paid by the state. Finally, you state that Mississippi County was notified by letter that after January 1, 2000, the child support legal services contract between Burrow, Harlan, Childers and Mississippi County was illegal pursuant to A.C.A. § 19-4-1707(d). You have posed eight questions with regard to these facts, which are as follows:
 1. Does it violate A.C.A. § 19-4-1707(d) for the State to contract directly with a member or members of a law firm, to provide legal services to a Child Support Enforcement Unit, when one or more of the members of the law firm are "part-time" deputy prosecuting attorneys?
 2. Does it change the answer to #[1] above, if rather than the State contracting directly with the law firm, the State contracts with the County and the County then sub-contracts with the law firm?
 3. Are deputy prosecuting attorneys "state employees" as envisioned under A.C.A. § 19-4-1707(d), when they are dependent on the county for all operating expenses and their employment is dependent solely on the discretion of the elected Prosecuting Attorney?
 4. A.C.A. § 19-4-1707(d) applies to one "occupying a position authorized to be paid from extra help or regular salaries for a State agency." What State agency is a deputy prosecutor receiving a salary from?
 5. Does the application of A.C.A. § 19-4-1707(d) to an existing contract violate Article 2 Section 17 of the Arkansas Constitution since the parties were in the term of the contract when Act 1044 became law?
 6. Does A.C.A. § 19-4-1604 permit the law firm to receive salaries from two "agencies" with the certification of the chief fiscal officer and head of each agency?
 7. If A.C.A. § 19-4-1604 is interpreted to permit the State to enter into contracts with State employees, but not to allow other governmental entities (i.e. a county) to write into contracts with State employees rationally related to any purpose set forth in these chapters?
8. Does Executive Order 98-04 apply to deputy prosecutors?
RESPONSE
It is my opinion that the answer to your questions are: 1) yes; 2) no; 3) yes; 4) the answer to this question is unclear, but is in all likelihood the individual prosecuting attorney's office; 5) no; 6) technically "no," but it may allow individual members to do so, upon satisfaction of certain conditions; 7) the premise of this question is incorrect; and 8) the answer depends upon the context in which the question is asked.
Question 1 — Does it violate A.C.A. § 19-4-1707(d) for the State tocontract directly with a member or members of a law firm, to providelegal services to a Child Support Enforcement Unit, when one or more ofthe members of the law firm are "part-time" deputy prosecutingattorneys?
It is my opinion that the answer to this question is clearly "yes."
Arkansas Code Annotated § 19-4-1701 et seq. generally governs professional services and consultant services contracts. Section 19-4-1707(d) provides:
 In no event shall any state agency engage in a professional services or consultant services contract with a part-time or full-time employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency.
This prohibition is also reflected in the definition of "contractor" under A.C.A. § 19-4-1701(2), which provides in part:
 "Contractor" means any person or organization which executes a contract with a state agency under which the person or organization agrees to provide professional services or consultant services to the agency and the individuals performing the services are not state employees occupying regular full-time or part-time or extra help positions provided by law[.]
Finally, the subchapter requires each contract to contain an oath stating that:
 I . . . (name) . . . . . . (title) . . . . . . . . . . . . ., certify under penalty of perjury that, to the best of my knowledge and belief, no regular full-time or part-time employee of any state agency of the State of Arkansas will receive any personal, direct, or indirect monetary benefits which would be in violation of the law as a result of the execution of this contract.
A.C.A. § 19-4-1709(b)(8)(A).
Plainly, therefore, the relevant subchapter prohibits a contract under which services are to be performed or any indirect monetary benefit is received, by a regular full-time or part-time employee who occupies a regular salary or extra-help position with a state agency. In my opinion, therefore, the answer to your first question is "yes."
Question 2 — Does it change the answer to #[1] above, if rather than theState contracting directly with the law firm, the State contracts withthe County and the County then sub-contracts with the law firm?
In my opinion the answer to this question is "no." Although the particular statutory subsection you reference (A.C.A. § 19-4-1707(d)) speaks only in terms of prohibiting contracts "with" a part-time or full-time employee, it is clear from the other provisions of the subchapter quoted above that the law prohibits even the "indirect" receipt of monetary benefit by such persons under such contracts. See
A.C.A. § 19-4-1709(b)(8)(A). Similarly, the definition of a "contractor" for purposes of the subchapter, excludes persons and entities where the "services are to be performed" by individuals who are state employees.See A.C.A. § 19-4-1701(2). It is therefore my opinion that the answer to your second question is "no."
Question 3 — Are deputy prosecuting attorneys "state employees" asenvisioned under A.C.A. § 19-4-1707(d), when they are dependent on thecounty for all operating expenses and their employment is dependentsolely on the discretion of the elected Prosecuting Attorney?
It is my opinion that the answer to this question is "yes." Section 19-4-1707(d) does not use the precise term "state employees." It prohibits contracts "with a part-time or full-time employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency." Part-time deputy prosecuting attorneys occupy such positions by virtue of Act 1044 of 1999. The fact that operating expenses are provided by the County and that the deputy prosecutors report solely to the elected prosecuting attorney does not, therefore, impede the applicability of A.C.A. § 19-4-1707(d). I will note incidentally, however, that the elected prosecuting attorney is, and always has been, a constitutional state officer. See e.g., Venhaus v. Brown, 286 Ark. 229,691 S.W.2d 141 (1985); Weems v. Anderson, 257 Ark. 376, 516 S.W.2d 895
(1974); and Smith v. Page, 192 Ark. 342, 91 S.W.2d 281 (1935). Deputy prosecuting attorneys have also previously been classified as "state officers" despite their pay arrangements. See Martindale v. Honey,259 Ark. 416, 533 S.W.2d 198 (1976). The only recent change is that now such deputies are paid by the state, from positions authorized to be paid from regular salaries of a state agency. In my opinion, therefore, these officers are now within the prohibition of A.C.A. § 19-4-1707(d).
Question 4 — A.C.A. § 19-4-1707(d) applies to one "occupying a positionauthorized to be paid from extra help or regular salaries for a Stateagency." What State agency is a deputy prosecutor receiving a salaryfrom?
The answer to this question is not entirely clear under Arkansas law. It is my opinion, in any event, that the issue of which, if any, "state agency"[1] employs the deputy prosecutors is not dispositive of your ultimate questions.
The word "state agency" is used in A.C.A. § 19-4-1707(d) (prohibiting a professional or consultant services contract with an employee who occupies a position authorized to be paid from extra help or regular salaries for a state agency). Other prohibitory sections in the pertinent subchapter do not use the term state agency, but, rather, refer only to "persons occupying regular full-time or part-time or extra held positions provided by law." A.C.A. § 19-4-1701(2) (defining "contractor"). Clearly, after the effective date of Act 1044 of 1999, part-time deputy prosecutors fall within the latter prohibition.
With regard to which "state agency" employs the deputy prosecuting attorneys, I will note that the paychecks for such deputy prosecutors are issued from the Office of the Auditor of State pursuant to A.C.A. §19-4-402(2). The Auditor's Office also issues paychecks for the elected prosecuting attorneys. There is also a state Prosecutor Coordinator's office, which is a state agency, and which coordinates at least some activities of the elected prosecuting attorneys. In my opinion, however, to the extent a "state agency" exists for purposes of A.C.A. § 19-4-1701
to -1716, it is the individual elected prosecuting attorney's office. As stated previously, the elected prosecuting attorney is a state constitutional officer. He controls and directs the work of the deputy prosecutors in question. In my opinion, to the extent the prosecuting attorney's employees are paid by the state, his office is the "state agency" for purposes of the relevant subchapter.
Question 5 — Does the application of A.C.A. § 19-4-1707(d) to an existingcontract violate Article 2 Section 17 of the Arkansas Constitution sincethe parties were in the term of the contract when Act 1044 became law?
It is my opinion that the answer to this question is "no." I base my conclusion on several factors. First, it has been stated that art. 2, §17 of the Arkansas Constitution applies only to legislation passed subsequent to the contract alleged to have been impaired. See Mahurin v.Oaklawn Jockey Club, 299 Ark. 13, 771 S.W.2d 19 (1989). As you note, the contract at issue was entered into on July 1 of last year and continues to June 30 of 2000. The statute you reference, A.C.A. § 19-4-1707(d), was passed many years ago (in 1973 originally), as is a long-standing prohibition against professional services contracts with state employees. The statute in question, therefore, because it pre-dates the current contract, does not impair the obligation of that contract. Second, the relevant statutory change that is affecting the contract at issue isAct 1044 of 1999, which converted part-time deputy prosecutors into state-paid personnel. This action has no direct impact on the contract between the County and the law firm. It does not impair it in any way. The contracting parties who are also deputy prosecuting attorneys are simply faced with a choice of retaining the public employment or receiving benefits under the contract. Third, Act 1044 can in no way be said to impair the public employment as a deputy prosecutor. The act changes the status of deputy prosecutors to state-paid personnel, which may have the incidental effect of changing some obligations and conditions of that employment. It must be recognized, however, that an election or appointment to office creates no contract between the state and the officer, which is within the obligations of contracts clause. Seee.g., Gentry v. Harrison, 194 Ark. 916, 110 S.W.2d 497 (1937); Humphreyv. Wyatt, 188 Ark. 676, 67 S.W.2d 209 (1934); and Hunter State Bank v.Mills, 90 Ark. 10, 117 S.W. 760 (1909).
Question 6 — Does A.C.A. § 19-4-1604 permit the law firm to receivesalaries from two "agencies" with the certification of the chief fiscalofficer and head of each agency?
It is my opinion that the answer to this question is technically "no." The statute you reference does not permit the "law firm" to receive salaries from two agencies. It may authorize individual members of the law firm to hold two separate state employments, under certain conditions. The "law firm," however, cannot hold such dual employment.
The statute you reference provides in pertinent part that:
 (a) Except as provided in subsection (b) of this section, no person drawing a salary or other compensation from one (1) state agency shall be paid salary or compensation, other than actual expenses, from any other agency except upon written certification to and approval by the Chief Fiscal Officer of the State and by the head of each agency, stating that:
 (1) The work performed for the other agency does not interfere with the proper and required performance of the person's duties; and
 (2) The combined salary payments from the agencies do not exceed the larger maximum annual salary of the line-item position authorized for either agency from which the employee is being paid.
This statute authorizes concurrent employment by state employees under certain conditions. It has absolutely nothing to do with contracting or contracts entered into by the state with persons or entities. In my opinion the "law firm" cannot be a state employee. To the extent your question is whether individual members of the law firm, who are also part-time deputy prosecuting attorneys, could engage in concurrent employment with another state agency (i.e. the Office of Child Support Enforcement), the answer to your question would depend upon the findings of the Chief Fiscal Officer and agency heads as to the performance of the duties at issue and the line-item maximum limitations quoted above.
Question 7 — If A.C.A. § 19-4-1604 is interpreted to permit the State toenter into contracts with State employees, but not to allow othergovernmental entities (i.e. a county) to write into contracts with Stateemployees rationally related to any purpose set forth in these chapters?
In my opinion A.C.A. § 19-4-1604 cannot be interpreted to permit the state to enter into contracts with state employees. Again, A.C.A. §19-4-1604 authorizes concurrent employment, not contracting. Subchapter 17 of Title 19, Chapter 4, flatly prohibits professional services contracts with state employees. An answer to your seventh question is therefore unnecessary.
Question 8 — Does Executive Order 98-04 apply to deputy prosecutors?
The answer to this question depends upon its context.
As an initial matter, as noted in Op. Att'y Gen. 98-105, a substantive analysis of Executive Order 98-04 is largely academic in light of the fact that the Department of Finance and Administration has promulgated Rules and Regulations implementing the Order. See Department of Finance and Administration "Rules and Regulations Implementing Executive Order98-04." It is those rules that must be referenced in answering your question. Those rules apply to certain agenc[ies] defined as "every agency, board, commission, department, division, institution, and other office of state government located within the executive branch ofgovernment and under control of the Governor. Agency shall also include state-supported colleges and universities."
Deputy prosecuting attorneys, who report to the individual elected prosecuting attorney, have been characterized as being within the judicial branch of government, and of course, do not report to the Governor, but to the elected prosecutors. See e.g., Martindale v. Honey, supra. As a consequence, deputy prosecuting attorneys are not subject to Executive Order 98-04 or the applicable Rules and Regulations when they let contracts. They are not in that sense "agencies" subject to Executive Order 98-04.[2] They are, however, referenced in Executive Order 98-04 and the Rules and Regulations as persons prohibited from being on the receiving end of certain contracts let by agencies subject to the Executive Order. They are now "state employees" for purposes of the Regulations.
In the context of your particular question, therefore, the Office of Child Support Enforcement, as a division of the Department of Finance and Administration, is very definitely subject to the Executive Order and the pertinent Rules and Regulations when it issues contracts such as the one which prompts your request. The Office of Child Support Enforcement is prohibited from entering into, extending or renewing contracts with certain people, including state employees. Section 4 of the Regulations provides in pertinent part as follows:
 A. PROHIBITED CONTRACTS AND GRANTS. Unless an exception in Section 4 C applies, agencies are prohibited from entering into, extending, amending or renewing contracts with, or awarding discretionary grants to, current or former:
(1) members of the Arkansas General Assembly,
(2) constitutional officers,
(3) board or commission members,
(4) state employees,
 (5) the immediate family member, including the spouse, of any of (1) — (4).
(6) Any entity in which any person designated in (1) — (5):
(1) holds any position of control, or
(2) holds any ownership interest of 10% or greater.
 B. PROFESSIONAL OR CONSULTANT SERVICES CONTRACTS BETWEEN AGENCIES AND STATE EMPLOYEES PROHIBITED. Except as otherwise permitted by law, agencies are prohibited from entering into, extending, amending, or renewing professional or consultant services contracts with state employees who are paid from extra help or regular salaries. None of the exceptions contained in Section 4 C allow agencies to enter into otherwise prohibited professional or consultant services contracts with state employees.
It is therefore my opinion that the answer to your eighth and final question depends upon its context. Deputy prosecuting attorneys, however, as "state employees," are covered by the language above.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] This term is defined at A.C.A. § 19-4-1701 (1) as "all departments, agencies, boards, commissions, and institutions of higher education of the State of Arkansas."
[2] The are subject, however, to all applicable state fiscal laws governing the issuance of such contracts.